[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Factual and Procedural Background
In a two count complaint, alleging breach of contract and breach of the covenant of good faith and fair dealing, the plaintiff, Robert Lingenfelter, claims he was denied a $25,000 bonus and a right to a two week notice of his termination of employment by the defendant employer, Gerald Metals, Inc. The case was tried to the court on June 7, 2002.
The plaintiff presented evidence that he was offered a job as a precious metals trader with an annual salary of $75,000 and a minimum bonus of $25,000. The terms of his employment agreement, Plaintiff's Ex. 1, dated May 26, 1998, revealed an "at will" employment, his start dated of July 6, 1998, his base pay of $75,000 and a bonus provision among other things. The agreement included the fact that "your employment will be governed by the . . . "Employee Handbook."
The bonus section stated "subject to your continued employment at the time the bonus is payable in 1999, you will be awarded an annual minimum bonus of $25,000, subjectively determined by Management, based upon your personal productivity and performance, as well as that of Gerald."
On June 4, 1999, the defendant terminated plaintiff's employment. At trial the testimony from the defendant's Vice-President of Human Resources and Finance was that because of a drop in business, poor performance of the plaintiff and a reorganization of the company, the plaintiff was terminated. The Vice-President admitted the plaintiff was not given two weeks notice as per the company policy manual. There was also testimony and evidence, Plaintiff's Ex. 3, that the plaintiff was offered a severance which included one week salary in the gross amount of $1,442.31 to cover the failure to give the plaintiff the two weeks notice. Vacation pay and owed salary were paid to the plaintiff, despite his rejection of the severance package.
There was no evidence that when the company bonuses were paid in September of 1999, that the termination of the plaintiff was part of a plan to exclude him specifically from bonus pay. There was evidence presented at trial that the department where the plaintiff worked, initially had seventeen people in July of 1998 and as of the date of the CT Page 7297 trial, the department had six or seven people in it. There was also testimony from the plaintiff and the Vice-President that comparative under performance of the plaintiff was a fact acknowledged by all.
The plaintiff conceded at trial, that Connecticut is an at-will employment state. The plaintiff's oral motion to amend his claim for damages to include a claim for wages due for failure to comply with a two week notice requirement for non cause discharge was granted at trial.
Law
Absent a showing that the discharge involves an impropriety which contravenes some important public policy, an employee may not challenge a dismissal based upon an implied covenant of good faith and fair dealing.Carbone v. Atlantic Richfielfd Company, 204 Conn. 460 (1987).
The general rule in Connecticut is that an employer may discharge an at-will employee at any time. Carbone, supra. The terms of an employment manual may give rise to an express or implicit contract between an employer and employee. See Torosyan v. Boehringer IngelheimPharmaceuticals, Inc., 234 Conn. 1 (1995).
Discussion
The second count claiming a violation of the covenant of fair dealing is unsupported by any evidence and therefore, there is no recovery on this count.
There is insufficient evidence to require the court to award a $25,000 bonus to the plaintiff. The plaintiff was not employed by the defendant at the time the bonuses were awarded as required by the contract. While a variety of reasons may have given rise to his termination, none of the reasons violated public policy, statutory or common law. The plaintiff was an at-will employee as stated in the contract of employment, Plaintiff's Ex. 1, and could be fired at any time for any lawful reason.
The contract of employment referenced the Employee Manual which, in turn referred to a two week notice prior to termination of all employees not otherwise terminated "for cause." Failure to give the plaintiff two weeks notice violated the agreement.
The remedy the court will fashion is to award to the plaintiff two week gross pay, namely, $2,884.62, plus the costs of prosecution of this case. Judgment for the plaintiff on count one only.
So Ordered. CT Page 7298
THE COURT
DOWNEY, J.